| B. 104 (Rev.8/99) | **ADVERSARY PROCEEDING SHEET** (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (For Court Use Only) |
|---|---|---|

| **PLAINTIFFS** | **DEFENDANTS** |
|---|---|
| SCOTT M. FOREMAN | NAOMI DYE-CHEN aka NAOMI CHEN |
| Address c/o SOLOMON, GRINDLE, SILVERMAN & SPINELLA | Address 2412 Altisma Way Apt. C Carlsbad, CA 92009-6340 |

| ATTORNEYS (Firm Name, Address, and Telephone Number) Timothy J. Silverman, Esq. (SBN 145264) SOLOMON, GRINDLE, SILVERMAN & SPINELLA 12651 High Bluff Drive, Suite 300 San Diego, CA 92130 (858) 793-8500 | ATTORNEYS (if known) Judith A. Descalso, ESq. ATTORNEY AT LAW 960 Canterbury Place, Suite 340 Escondido, CA 92025 (760) 745-8380 |
|---|---|

**PARTY** (Check one box only)   [X] 1 U.S. PLAINTIFF   [ ] 2 U.S. DEFENDANT   [ ] 3 U.S. NOT A PARTY

**CAUSE OF ACTION** (Write a brief statement of cause of action, including all U.S. statutes involved)
Complaint to determine dischargeability of debt, 11 U.S.C. §523.

**NATURE OF SUIT**
(Check the one most appropriate box only)

| | | |
|---|---|---|
| [ ] 454 To recover money or property | [ ] 455 To revoke an order of confirmation of a Chapter 11 or Chapter 13 Plan | [ ] 456 To obtain a declaratory judgment relating to any of the foregoing causes of action |
| [ ] 435 To determine validity, priority, or extent of a lien or other interest in property | [X] 426 To determine the dischargeability of a debt 11 U.S.C. § 523 | |
| | [ ] 434 To obtain an injunction or other equitable relief | [ ] 459 To determine a claim or cause of action removed to a bankruptcy court |
| [ ] 458 To obtain approval for the sale of both the interest of the estate and of a co-owner in property | [ ] 457 To subordinate any allowed claim or interest except where such subordination is provided in a Plan | [ ] 498 Other (specify) |
| [ ] 424 To object or to revoke a discharge 11 U.S.C. § 727 | | |

**ORIGIN OF PROCEEDINGS** (Check one box only)   [X] 1 Original Proceeding   [ ] 2 Removed Proceeding   [ ] 4 Reinstated or Reopened   [ ] 5 Transferred from Another Bankruptcy Court   [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

| DEMAND | NEAREST THOUSAND $ 49 | OTHER RELIEF SOUGHT plus interest | [ ] JURY DEMAND |
|---|---|---|---|

**BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES**

| NAME OF DEBTOR NAOMI DYE-CHEN aka NAOMI CHEN | BANKRUPTCY CASE NUMBER: 06-02200-M7 | |
|---|---|---|
| DISTRICT IN WHICH CASE IS PENDING SOUTHERN | DIVISIONAL OFFICE | NAME OF JUDGE James W. Meyers |

**RELATED ADVERSARY PROCEEDING (IF ANY)**

| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NUMBER: |
|---|---|---|
| DISTRICT | DIVISIONAL OFFICE | NAME OF JUDGE |

**FILING FEE** (Check one box only)   [x] FEE ATTACHED   [ ] FEE NOT REQUIRED   [ ] FEE IS DEFERRED

| DATE Nov. 17, 2006 | PRINT NAME Timothy J. Silverman | SIGNATURE OF ATTORNEY (OR PLAINTIFF) /s/ Timothy J. Silverman |
|---|---|---|

B104

B 250A
(8/96)

# United States Bankruptcy Court

SOUTHERN District Of CALIFORNIA

In re NAOMI DYE-CHEN aka NAOMI CHEN )
_____, )  Case No. 06-02200
              Debtor )
                                        )  Chapter 7
SCOTT M. FOREMAN )
_____, )
              Plaintiff )
     v. )
                                        )  Adv. Proc. No. _____
NAOMI DYE-CHEN aka NAOMI CHEN )
_____, )
            Defendant )

## SUMMONS IN AN ADVERSARY PROCEEDING

YOU ARE SUMMONED and required to file a motion or answer to the complaint which is attached to this summons with the clerk of the bankruptcy court within 30 days after the date of issuance of this summons, except that the United States and its offices and agencies shall file a motion or answer to the complaint within 35 days.

> Address of Clerk
> Clerk, U.S. Bankruptcy Court
> Southern District of California
> 325 West F Street, San Diego, California 92101

At the same time, you must also serve a copy of the motion or answer upon the plaintiff's attorney.

> Name and Address of Plaintiff's Attorney
> Timothy J. Silverman, Esq.
> SOLOMON, GRINDLE, SILVERMAN & SPINELLA, APC
> 12651 High Bluff Drive, Suite 300
> San Diego, CA  92130  (858) 793-8500

If you make a motion, your time to answer is governed by Fed. R. Bankr. P. 7012.

**IF YOU FAIL TO RESPOND TO THIS SUMMONS, YOUR FAILURE WILL BE DEEMED TO BE YOUR CONSENT TO ENTRY OF A JUDGMENT BY THE BANKRUPTCY COURT AND JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.**

_____
*Clerk of the Bankruptcy Court*

_____    By:_____
        Date                                                             Deputy Clerk

B250A

TIMOTHY J. SILVERMAN, ESQ., BAR NO. 145264
SOLOMON, GRINDLE, SILVERMAN & SPINELLA
A Professional Corporation
12651 High Bluff Drive, Suite 300
San Diego, California  92130
Telephone:  (858) 793-8500
Facsimile: (858) 793-8263

Attorneys for Plaintiff
JAIME BARRAH

# UNITED STATES BANKRUPTCY COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>    NAOMI DYE-CHEN aka NAOMI CHEN,<br><br>               Debtor.<br><br>JAIME BARRAH,<br><br>               Plaintiff,<br><br>v.<br><br>NAOMI DYE-CHEN aka NAOMI CHEN,<br><br>               Defendant. | Case No:  06-02200-M7<br><br>Adv. Pro.<br><br>Chapter 7<br><br><br><br>COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT<br><br>[11 U.S.C. §523] |

Plaintiff, JAIME BARRAH ("Plaintiff"), complains and alleges as follows:

**JURISDICTION**

1.  This Bankruptcy Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §1471, 157 and 11 U.S.C §523(a)(2)(A) and §523(a)(6).  This is a core proceeding pursuant to 28 U.S.C. §157.

///

1

**VENUE**

2. Venue is proper pursuant to 28 U.S.C. §1409.

**PARTIES**

3. Plaintiff is now and at all times herein mentioned was an individual residing in the County of San Diego, State of California.

4. Plaintiff is informed and believes and upon such information and belief alleges that NAOMI DYE-CHEN aka NAOMI CHEN ("Debtor" or "Defendant") is now and at all times herein mentioned was an individual residing in the County of San Diego, State of California. Plaintiff is informed and believes that at all times herein mentioned, the Debtor was the owner and managing member of Chen Acquisitions LLC.

5. Plaintiff is a creditor of the Debtor's and have been included in the Schedule of Obligations filed by the Debtor in the bankruptcy proceeding.

6. The Debtor filed this voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code on August 13, 2006.

7. James L. Kennedy is the duly qualified and appointed Chapter 7 Trustee.

**FIRST CLAIM FOR RELIEF**

11 U.S.C. §523(a)(2)(A)

8. Plaintiff realleges and incorporates herein by reference paragraphs 1 through 7 of Plaintiff's Complaint as though fully set forth herein.

9. On or before April 9, 2005, based upon a pre-existing, long-time friendship, the Debtor approached the Plaintiff with an investment scheme whereby the Plaintiff would invest money with her and her company, Chen Acquisitions LLC. Amongst other things, the Debtor represented to Plaintiff that the entirety of the funds would be used to invest in real estate. The Debtor represented that the targeted real estate was foreclosed properties which could be re-sold at a high profit. The Debtor represented that Plaintiff would earn a significant net profit on his invested funds in a very short period of time, i.e., in a matter of months. The Debtor represented that she would fully disclose all aspects of the transactions to Plaintiffs and keep him abreast of all material developments. The Debtor represented that Plaintiff could have his funds returned

2

to her at any time by cashier's or certified check, to be paid within ten (10) business days. The Debtor used her friendship with the Plaintiffs to gain her confidence and trust in the proposed investment.

10. To make it appear that the investment was legitimate and genuine, the Debtor insisted that the parties formalize the investment in writing with an Agreement, whereby the material and salient terms and conditions of the investment arrangement would be set forth therein.

11. The Debtor made the representations set forth above, and others, with a specific intent to induce the Plaintiff to invest money with her and Chen Acquisitions LLC.

12. Based upon the Debtor's intentional representations, as well as the trust and confidence that the Plaintiff had in the Debtor due to their long-standing friendship, the Plaintiff made the following investments, each memorialized in a separate Agreement:

    A. On April 9, 2005, Plaintiff invested $15,000.00, with the promise that he would receive $30,000.00, or a net profit of over 100%,, in 2 months;

    B. On May 5, 2005, Plaintiff invested $15,000.00, with the promise that she would receive $24,818.18, or a net profit of over 60%,, in 4 months;

    C. On June 2, 2005, Plaintiff invested $15,000.00, with the promise that she would receive $29,850.00, or a net profit of 1lmost 100%,, in 5 months; and

    D. On August 18, 2005, Plaintiff invested $7,000.00, with the promise that a parcel of real property would be purchased and that upon re-sale, Plaintiff would receive 33% of the net profit.

13. Without any knowledge that the representations were false or misleading, the Plaintiff reasonably and justifiably relied upon the Debtor's representations. The Plaintiff relied upon her pre-existing and long-standing friendship with the Debtor to invest the funds as well as the fact that other mutual friends of the Plaintiff and Debtor were also investing funds in the Debtor's scheme. In fact, the Debtor introduced numerous individuals to Plaintiff described as

1  satisfied existing investors for the purpose of allaying any fears or concerns that the Plaintiff had
2  in making the investment and to instill confidence in the transaction.

3        14.    Plaintiff fully performed all conditions, covenants and promises required on its
4  part to be performed in accordance with the terms and conditions of the Agreements.

5        15.    Considering the totality of the circumstances, the Debtor obtained Plaintiff's
6  funds totaling $52,000.0 by false pretenses, or, alternatively, actual fraud, in that the
7  circumstances constituted a classic Ponzi scheme. The Debtor did not intend to follow through
8  with any of the representations made to the Debtor and simply used the investment scheme as a
9  vehicle for inducing the Plaintiff to invest funds with the Debtor. As a result, the Debtor took the
10 funds invested by the Plaintiff and used those funds for her own personal use and benefit.

11       16.    Despite repeated demands resulting in a long string of additional
12 misrepresentations and deceit, the Debtor made no payments to the Plaintiff.

13       17.    There is now due and owing by the Debtor to the Plaintiff the total principal sum
14 of $52,000.00, plus interest thereon from April 9, 2005, and other costs.

15       18.    Because the Debtor obtained the $52,000.00 in funds due to false pretenses, or,
16 alternatively, actual fraud, the debt owed to the Plaintiff should be determined to be
17 nondischargeable pursuant to §523(a)(2)(A), and that the Debtor be held liable to Plaintiff for
18 $52,000.00, plus interest thereon from April 9, 2005.

### SECOND CLAIM FOR RELIEF

11 U.S.C. §523(a)(6)

21       19.    Plaintiff realleges and incorporates herein by reference paragraphs 1 through 18
22 of Plaintiff's Complaint as though fully set forth herein.

23       20.    As set forth above, the Debtor wilfully and maliciously injured the Plaintiff by her
24 fraudulent acts as set forth in detail above. The Debtors' acts caused willful and malicious injury
25 to Plaintiff or to the property of Plaintiff.

26       21.    As a result of these acts, Plaintiff has been damaged in the amount $52,000.00,
27 plus interest thereon from April 9, 2005, and other costs.

4

22. Based on the foregoing, the debt owed by Debtor to Plaintiff in the principal amount $52,000.00, plus interest thereon from April 9, 2005, and other costs should be excepted from discharge pursuant to 11 U.S.C. §523(a)(6).

WHEREFORE, Plaintiff prays for judgment as follows:

1. That this Court determine the obligation of the Debtor to Plaintiff be deemed to be non-dischargeable under 11 U.S.C. §523(a)(2)(A) and/or §523(a)(6);

2. That judgment be entered against the Debtor in the principal amount of $52,000.00, plus interest thereon from April 9, 2005;

3. For an award of costs; and

4. For such other and further relief as this Court deems just and proper.

DATED:  November 17, 2006            SOLOMON, GRINDLE, SILVERMAN & SPINELLA


                                     By:  /s/ Timothy J. Silverman
                                     Timothy J. Silverman, Esq.
                                     Attorneys for Plaintiff, JAIME BARRAH

\complaint

5